UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

BRUCE SCHULMAN,

        Plaintiff               Docket No.

  v.

SUNRISE CREDIT SERVICES, INC.

        Defendant

## COMPLAINT--CLASS ACTION

Bruce Schulman ("Schulman"), suing on behalf of himself and all others similarly situated, complains as follows against Sunrise Credit Services, Inc. ("Sunrise Credit").

## INTRODUCTION

1. This is an action pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 et seq.

## JURISDICTION

2. This Court has jurisdiction under 15 U.S.C. §1692k(d) and 28 U.S.C. §1331.

## PARTIES

3. Plaintiff, Schulman, is a resident of Massachusetts and a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3).

4. Defendant Sunrise Credit is a New York corporation which has its principal place of business at 260 Airport Plaza, Farmingdale, New York.

5. Sunrise Credit is a debt collector as defined by 15 U.S.C. 1692a(6).

6. Sunrise Credit is a debt collection agency that in the ordinary course of business, regularly, on behalf of itself and others, engages in debt collection.

## FACTS

7. During 2013, defendants have engaged in acts and practices in violation of the FDCPA in collection activity with respect to Schulman's alleged personal debt to Sunrise Credit, and with respect to the personal debts of other consumers similarly situated.

8. On or about June 5th, 2013, the Defendant made an initial communication to Plaintiff when it used a telephone or autodialer to call Plaintiff about an alleged debt owed to Verizon Wireless.

9. Sunrise Credit sent to Schulman, via the United States Postal Service, an initial letter, dated June 21, 2013 (attached hereto as Exhibit A, not herein), that was delivered on June 28, 2013.

10. The said initial letter-Presorted First Class Mail—does not bear either a postage meter date marking or a common regular First Class Mail postmark issued by the United States Post Office, an exemplar is listed below.



11. Accordingly, a consumer, not possessed of any mail sorting and handling expertize, cannot determine with any degree of certainty the date the initial mailing was deposited with the United States Post Office.

12. Exhibit A is a printed form letter which is regularly sent to large numbers of consumers on accounts of Sunrise Credit.

13. Exhibit A contains the account numbers of Verizon Wireless and Sunrise Credit's file relating to Schulman.

14. Because the address on Exhibit A is that of Sunrise Credit, Sunrise Credit receives any payments sent by a consumer in response to a letter in the form represented by Exhibit A.

## CLASS ALLEGATIONS

15. This action is brought as a class action.  Plaintiff tentatively defines the class as all persons who, during the one year prior to the filing of this complaint, were sent letters similar to Exhibit A [not attached herein].  Plaintiff may subsequently refine the class definition in light of discovery.

16. The class is so numerous that joinder of all members is impractical.  On information and belief, letters similar to Exhibit A have been sent to thousands of consumers.

17. There are questions of law and fact common to the class, which predominate over any questions affecting only individual class members.  The principal question is whether defendants' conduct in connection with the mailing of Exhibit A and similar letters to consumers violates the FDCPA.

18. There are no individual questions, other than whether a class member received one of the offending letters, which can be determined by ministerial inspection of defendants' records.

19. Plaintiff will fairly and adequately protect the interests of the class. He is committed to vigorously litigating this matter. He is greatly annoyed at being the victim of defendants' illegal practices and wishes to see that the wrong is remedied. To that end, he has retained counsel experienced in handling class claims and claims involving unlawful business practices. Neither plaintiff nor his counsel have any interests which might cause them not to vigorously pursue this claim.

20. Plaintiff's claim is typical of the claims of the class, which all arise from the same operative facts and are based on the same legal theories.

21. A class action is a superior method for the fair and efficient adjudication of this controversy. Most of the consumers who receive Exhibit A undoubtedly are unaware of the FDCPA 15 USC 1692g which requires the Debt Collector to send an initial letter disclosing the consumer's rights within 5 days of the initial communication, and thus have no knowledge that their rights are being violated by illegal collection practices. The interest of class members in individually controlling the prosecution of separate claims against defendant is small because the maximum damages in an individual action are $1,000. Management of this class claim is likely to present significantly fewer difficulties than those presented in many class claims, e.g., for securities fraud.

## COUNT I
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. 1692g

22. Plaintiff incorporates the allegations contained in paragraphs "1" through "21" as if fully set forth herein.

23. The Defendant committed a violation of the FDCPA 15 USC 1692g which requires the Debt Collector to send an initial letter disclosing the consumer's rights within 5 days of the initial communication.

## COUNT II
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. 1692e

24. Plaintiff incorporates the allegations contained in paragraphs "1" through "21" as if fully set forth herein.

25. Defendant committed a violation of FDCPA 15USC1692e prohibiting unfair or misleading representations by marking the letter with a date and not providing proof o fmailing on that date by using their own indicia for mailing and no postmark.

26. The Debt Collector willfully obfuscated the mailing date of the statutory notice.

**WHEREFORE**, plaintiff requests that the Court grant the following relief in his favor and in favor of the class and against defendant Sunrise Credit:

a.  The maximum amount of statutory damages provided under 15 U.S.C. §1692k.
b.  Attorney's fees, litigation expenses and costs.
c.  Such other and further relief as is appropriate.

Dated: New Haven, Connecticut
      September 10, 2013         /s/ *Gregory J. Gallo*
                                    Gregory J. Gallo (GG-4359)
                                    The Pellegrino Law Firm
                                    475 Whitney Avenue
                                    New Haven, CT 06511
                                    Tel. (203) 787-2225
                                    Fax. (203) 865-8408
                                    gjg@pellegrinolawfirm.com

## JURY DEMAND

Plaintiff demands trial by jury.
/s/ *Gregory J. Gallo*
Gregory J. Gallo (GG-4359)